### JONES v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10834. Decided June 23, 1930

A. G. Levine, Cleveland, for Jones.
Ray T. Miller, Cleveland, for State.

LEVINE, J.

The evidence seems to us conclusive that while it is true that Russell took the automobile without the owner's consent, he did not intend to appropriate the same to his own use and thus deprive the owner permanently of its use.

Russell Jones is eighteen years of age and the record discloses that this act of his occurred on the occasion of a New Year's eve celebration at a place where he and others were drinking intoxicating liquor; that he wandered off by himself, took this machine which was stationed on the street, and after driving it for some distance returned it to the original place.

The evidence is overwhelming that he did not intend to deprive the owner permanently of his property.

Had the jury returned a verdict under the second count, namely that of driving the automobile without the owner's consent, this court could not interfere with such finding. It is clear, however, that the verdict finding him guilty of larceny is manifestly and overwhelmingly against the weight of the evidence.

Holding as we do the judgment of the Common Pleas Court is ordered reversed and the case is remanded for further proceedings according to law.

Vickery, PJ, and Sullivan, J, concur.

### STATE ex WEST v HUDSON, etc.

Ohio Appeals, 4th Dist, Highland Co
Decided June 26, 1930

James J. West, Lafayette, in his own behalf.
Wilby G. Hyde, Chillicothe, for respondent.

BY THE COURT

The record in this action establishes that there was no certificate of the fiscal officer of the incorporated village of Greenfield that the money required to meet the obligation made by the contract under which the relator herein claims the amount named in his petition was in the treasury of said village or in the process of collection to the credit of the fund from which the relator was to receive the salary named in the contract.

The express repeal of 3809 GC in the enactment of 5625-33 GC clearly establishes the intention of the legislature to abrogate all the exceptions to this requirement named in 3809 GC. The effect of this repeal, therefore, was to make 5625-33 GC a law of uniform application as to all the exceptions named in 3809 GC, including that of the contract under which the relator seeks to recover in this action. By the further provisions of 5625-33 GC aforesaid the contract in this case, being without the required certificate, was void and no warrant may issue in payment of any amount due thereon.

For the reason mentioned the petition is dismissed.

Middleton, PJ, Mauck and Blosser, JJ, concur.